[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

Hanoi Barbaro Acosta
_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

                    vs.

United States of America,.
Christopher Rivers;
Unknown Captain;
Besick;
Wilson;
Hammer;
Root; and
Burlinson.

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

RECEIVED

JAN 1 7 2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Case No: 22 C 50199 _____
(To be supplied by the Clerk of this Court)

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

_____   **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

___X___   **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

___X___   **OTHER** (cite statute, if known); Federal Tort Claims Act et. seq.

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.  **Plaintiff(s):**

A.  Name:  Hanoi Barbaro Acosta

B.  List all aliases:  Non-applicable

C.  Prisoner identification number:  87406-008

D.  Place of present confinement:  FCI Talladega

E.  Address:  PMB 1000, Talladega, AL 35160

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.  **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank.  Space for two additional defendants is provided in B and C.)

A.  Defendant:  United States of America

Title:  Government

Place of Employment:  U.S. Citizens/USA

B.  Defendant:  Christopher Rivers

Title:  Warden

Place of Employment:  Federal Bureau of Prisons

C.  Defendant:  Unknown Captain

Title:  Captain

Place of Employment:  Federal Bureau of Prisons

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                        Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

**II. (Cont'd)**

D.  Defendant: Besick

    Title: Correctional Officer

    Place of Employment: Administrative United States Penitentiary

E.  Defendant: Wilson

    Title: Correctional Officer

    Place of Employment: Administrative United States Penitentiary

F.  Defendant: Walls

    Title: Correctional Officer

    Place of Employment: Administrative United States Penitentiary

G.  Defendant: Hammer

    Title: Correctional Officer

    Place of Employment: Administrative United States Penitentiary

H.  Defendant: Root

    Title: Correctional Officer

    Place of Employment: Administrative United States Penitentiaryy

I.  Defendant: Burlinson

    Title: Case Manager

    Place of Employment: Administrative United States Penitentiary

2A.

**III. (Cont'd)**

A. Name of case and docket number: Acosta v. JT Shartle, et al., No. CV-18-216-TUC-RM.

B. Approximate date of filing lawsuit: February 23, 2019.

C. List all plaintiffs: Non-applicable.

D. List all defendants: United States of America; JT Shartle; SIS Technician Gallion; SIS Technician Madrid; DHO Cuifo; AW Brilo, and D. Miller.

E. Court in which lawsuit was filed: USDC-D. Ariz. (Tucson).

F. Name of judge to whom case was assigned: Rosemary Martinez.

G. Basic claim made: SIS fabricated an incident report to send Acosta to the SMU; USA liable for food poisoning.

H. Disposition of the case: USA settled.

I. Approximate date of disposition: April 3, 2019.

3A.

**III. (Con't):**

A. Name of case and docket number: In re BOY SCOUTS OF AMERICA AND DE-
WARE BSA, LLC, Case No. 20-10343.

B. Approximate date of filing lawsuit: Unknown.

C. List all plaintiffs: Unknown (Class Action).

D. List all defendants: Boy Scouts of America; Delaware BSA, LLC.

E. Court in which the lawsuit was filed: United States Bankruptcy Court
Dist. of Delaware.

F. Name of judge to whom case was assigned: Laurie Silverstein.

G. Basic claim made: Sexual abuse survivor claim.

H. Disposition of the case: BSA settled.

I. Date of disposition: Unknown.

3B.

**III. (Cont'd)**

A. Name of case and docket number: Acosta v. M. Bergmann, No. 21-cv-50194.

B. Approximate date of filing lawsuit: May 13, 2021.

C. List all plaintiffs: Non-applicable.

D. List all defendants: M. Bergmann

E. Court in which lawsuit was filed: USDC-N.D. Ill. (Rockford).

F. Name of judge to whom case was assigned: Philip G. Reinhard.

G. Basic claim made: Use of excessive force; and deliberate indifference to serious medical needs.

H. Disposition of the case: Pending.

I. Approximate date of disposition: Pending.

3C.

**III. (Cont'd)**

A. Name of case and docket number: Acosta v. United States of America, et al., No. 22-cv-50156.

B. Approximate date of filing lawsuit: May 17, 2022.

C. List all plaintiffs: Non-applicable.

D. List all defendants: United States of America; SIS Technician T. Cruze; and Case Manager Burlinson.

E. Court in which lawsuit was filed: USDC-N.D. Ill. (Rockford).

F. Name of judge to whom case was assigned: Philip G. Reinhard.

G. Basic claim made: false imprisonment, excessive use of force (FTCA); and intentional infliction of emotional distress.

H. Disposition of the case: Pending.

I. Approximate date of disposition: Pending.

3D.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III. **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A. Name of case and docket number: Acosta v. Maricopa County Sheriff's Office, et al., No. CV-09-467-SRB(MEA).

B. Approximate date of filing lawsuit: May 1, 2009

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: Joseph M. Arpaio; Unknown Nicholas; Daniel B. Durand

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): USDC-Dist. of AZ (Phoenix)

F. Name of judge to whom case was assigned: Susan R. Bolton

G. Basic claim made: Unauthorized digital cavity search was Fourth Amendment violation.

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): Claim barred by PLRA, because no physical injury. dismissal affirmed on appeal.

I. Approximate date of disposition: November 23, 2011.

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

3

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1. In January 2020, Illinois health officials announced the first confirmed Illinois case of an infection with the virus known as SARS-CoV-2, which can, in a percentage of cases, result in a symptomatic disease termed COVID-19. Around the same time, the Director General of the World Health Organization ("WHO") designated this novel coronavirus as a Public Health Emergency of International concern. Shortly thereafter, the United States Secretary of Health and Human Services declared the same. As the virus continued to spread throughout the United States, the Centers for Disease and Control and Prevention ("CDC") recommended various community mitigations efforts to fight the growing pandemic. Following this lead, the Federal Bureau of Prisons ("BOP") adopted the CDC's measures to ensure inmate and staff safety. And Illinois Governor Jay Pritzer declared a state of emergency on March 9, 2020.

2. On April 30, 2020, Governor Pritzer issued Executive Order 2020-32 ("Order 32"), to reduce transmission of the coronavirus, that executive order required wearing a face covering in public places or when working, the cessation of all non-essential business and operations, and prohibited all public and private gatherings. Order 32 further provided that citizens were allowed

4

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

to leave their residence to engage in free exercise of religion, provided that such exercise must comply with Social Distancing Requirements and the limits on gatherings of more than ten people in keeping with CDC guidelines for the protection of public health. Meanwhile, the BOP Director, Michael Carbajal, issued measures that mirrored CDC guidance and Order 32. To the extent that inmates and staff were required to wear masks during all movements, while staff were required to wear masks during work. The BOP further went on a nationwide semi-lockdown to observe the social distancing mandates issued by the CDC. And inmates were to be provided with hand soap and bleach as per CDC guidance.

3.   On or about August 2020, while incarcerated at the United States Penitentiary in Terre Haute, Indiana, Plaintiff was tested for COVID-19 prior to being transferred to the Administrative United States Penitentiary in Thomson, Illinois. The test produced negative results. Thus, on or about September 3, 2020, Plaintiff was transferred to AUSP Thomson. Plaintiff never left the premisis of AUSP Thomson, until he was ultimately transferred on or about March 2, 2022.

4.   Plaintiff was initially assigned to the Special Management Unit ("SMU") and housed in Unit E, Range 1. Plaintiff was assigned to a filthy cell that had blood and mace on the walls and floor. Plaintiff asked Correctional Officer Besick for cleaning supplies to clean with. C/o Besick brought the Plaintiff a towel and some pink solution that Plaintiff recognized to be a cleaner of some type. Plaintiff asked c/o Besick about the pandemic, and the directive that the BOP Director issued regarding the use of

4A.

bleach during the pandemic. C/o Besick told Plaintiff that he would look into it, but never returned with the bleach or any other information concerning

5. That weekend Plaintiff was forced to move during, "cell rotation." Plaintiff was confused, because cell rotations were supposed to be suspended During the early stages of the pandemic. Plaintiff was further dismayed to learn that the cleaning supplies only consisted of the pink cleaner.

6. Plaintiff was also alarmed by the fact that many staff members either wore their masks improperly or wore no mask at all--allowing the mask to only cover their chin and exposing their mouths and/or noses.

7. Concerned for his health and safety, Plaintiff spoke to the Captain about the cell rotations, the bleach, and the lack of masks by his staff. The Captain told the Plaintiff he would look into it, but nothing changed.

8. The disregard to Plaintiffs health and safety continued. Thus, when he was forced to move cells yet again, Plaintiff filed a grievance with Counselor Barmes. In the grievance Plaintiff complained about the improper use of the masks by staff, including but not limited to, c/o Wilson; c/o Hammer; c/o Walls; c/o Root, and Case Manager Burlinson. Plaintiff also complained about the improper cleaning supplies, and the forced cell rotations. The grievance went unanswerred, due to other misconducts being committed against the Plaintiff by Counselor Barmes, which were unbeknown at the time. Plaintiff did however, file an appeal to the grievance to the Warden's Office, which also went unanswerred.

9. Plaintiff subsequently became severely ill on or about November 13,

4B.

2020. Plaintiff began gasping for air, much like suffering an asthma attack. Plaintiff fell-out after blacking out and losing conscienciousness. His cellmate depressed the distress button for medical help. The c/o notified medical, whom tested the Plaintiff for COVID-19. The results came back positive, and Plaintiff was moved to the quarantine unit.

10. Plaintiff had a fever of 103 degrees, and had trouble breathing. The Plaintiff requested medical attention. However, he was told to, "ride it out", by Nurse M. Bergmann. Plaintiff was suffering from trouble breathing; cold sweats, chills, bone aches, cramps, and dehydration for days. Plaintiffs trouble breathing has become permanent. Since contracting COVID-19, due to the poor management of the pandemic by the BOP, Plaintiff suffers from; fatigue, loss of facial hair, weight loss, and permanent runny nose.

11. In addition to the physical injuries described above, Plaintiff suffers from anxiety, due to the permanent effects of COVID-19. And Plaintiff's treatment at AUSP Thomson made him feel like he was going to die there.

12. Due to the poor management of the COVID-19 pandemic by the BOP, by and through its agents, servants or employees at AUSP Thomson, Plaintiff was infected with the life threatening disease, which has permanently injured and disabled him. As a result of these injuries Plaintiff will incur medical expenses, and lose earnings of at least $100,000.00, will suffer pain of mind and body, and suffer a substantial loss of earning capacity.

## Cause of Action

13. The actions of the BOP, by and through its agents, servants or employees, known and unknown, set forth in paragraphs 4, 7, and 8 consti-

4C.

tute negligence in violation of Illinois common law. The BOP had a duty of care established by 18 U.S.C. § 4042, and that standard of care was established by the CDC and Executive Order 2020-32, and any mask mandate order subsequently issued by Governor Pritzer. The poor management of the coronavirus pandemic at AUSP Thomson, a facility operated and managed by the BOP, was a breach of the agencies duty of care, and constituted negligence in violation of Illinois common law, and was the direct and proximate cause of the Plaintiff's pain and injuries. Under the Federal Tort Claims Act the Defendant, United States of America, is liable to the Plaintiff for the unlawful actions of the BOP, by and through, its agents, servants or employees, known and unknown, as set forth in paragraphs 4, 7, and 8, as they were acting within the scope of their employment as law enforcement officers of the United States Department of Justice, an agency of the United States of America.

14. The actions of Defendants; Besick, Wilson, Hammer, Walls, Root, and Burlinson, as described in paragraphs 11, 12, and 13 constitute deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Specifically, c/o Besick had a duty established by the Director of the BOP, and the CDC to provide the Plaintiff with the proper cleaning supplies. Moreover, c/o's Wilson, Hammer, Walls, Root, and Burlinson had a duty to properly wear their masks at work, as established by the BOP and Order 32.

15. The failure to act or properly train their subordinates by Defendants Rivers and Unknown Captain, as described in paragraphs 10, 12, and 13

4D.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

constitutes deliberate indifference to the Plaintiff's serious medical needs, in violation of the Eighth Amendment to the United States Constitution. Both the Warden and the Captain had a duty to train their employees within the guidelines established by the CDC and Order 32, and adopted by the BOP in response to the COVID-19 pandemic. Moreover, they had a duty to formulate and impose local rule and policies that promoted the health and safety of the Plaintiff. That duty was invoked when the Plaintiff complained to the Captain, as described in paragraph 7, or when the Plaintiff grieved the issue to Warden Rivers' Office.

5

Revised 9/2007.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V.  **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff requests $100,000.00 in monetary damages, plus court costs, and an appointment of counsel to assist in presenting this meritorious medical case. Plaintiff also seeks punitive damages against Defendants: Rivers, Root, Unknown Captain, Besick, Wilson, Walls, Hammer, and Burlinson, in the amount of $25,000.00 each; and declaratory relief stating that the Defendants violated Plaintiff's Eighth Amendment rights.

VI.  The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this 3rd day of January 20 23

_Hanoi Acosta_

(Signature of plaintiff or plaintiffs)

Hanoi Barbaro Acosta
(Print name)

87406-008
(I.D. Number)
FCI Talladega

PMB 1000

Talladega, AL 35160
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]